**STATE, Plaintiff-Appellee, v. BEARD, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 10067.   Decided March 10, 1952.

Frank T. Cullitan, County Pros., Gertrude Bauer, Asst. County Pros., Cleveland, for plaintiff-appellee.
Clarence Beard, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This application seeking leave to file an appeal is presented on the affidavit of the defendant, now confined in the Ohio Penitentiary.   The application is founded on §13459-4 GC which provides:

"Such appeal unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment.   After thirty days from such sentence and judgment, such appeal may be filed only by leave of court or two of the judges thereof."

In passing on a motion seeking the right to appeal eighteen years after the judgment appealed from was entered on the journal of the trial court, such motion will be granted under the provisions of the foregoing section only when the refusal to grant such motion will result in a miscarriage of justice. **State v. McGahan, 86 Oh Ap 283.**

The record, as disclosed by defendant's motion for leave to file an appeal, shows that he was indicted on a charge of murder in the first degree on October 2, 1928.   That during the preliminary proceedings on such indictment the question of whether or not he was then insane was suggested to the court as provided by §13577, §13608 and §13614 GC (Now §13441-1 and §13441-2 GC) and upon the trial of that question the defendant was found insane and committed to Lima State Hospital.

The defendant was returned to Cuyahoga County as restored to reason on April 16, 1934. A trial was then had on the indictment for murder in the first degree which resulted in a verdict of guilty without recommendation of mercy. A motion for new trial was granted, whereupon the defendant withdrew his plea of not guilty and entered a plea of guilty to unlawful homicide. The court then proceeded to determine the degree of guilt. Upon trial the trial judge found the defendant guilty of murder in the first degree, recommended mercy and sentenced the defendant to life imprisonment in the penitentiary. The determination of the defendant's degree of guilt was heard by the trial judge under the provisions of §13692 GC, which was in effect at the time this prosecution was commenced.

It is the contention of defendant that under the provisions of §13442-6 and 13448-2 GC, upon a plea of guilty or confession of guilt in open court to a charge in which a death penalty may be imposed, the degree of guilt must be submitted to a court of three judges. **(In re: Knight, 73 Oh Ap 547.)**

This would be true if the cause of action arose after the effective date of §13442-5 GC as amended effective Oct. 17, 1933. Prior to that time, §13442-5 GC dealt only with the duty of the court to try a cause where trial by jury had been waived in writing as provided by §13442-4 GC.

**Sec. 13692 GC** (now §13448-2 GC) in effect Oct. 2, 1928, when defendant was indicted for murder, in part provides:

"* * * If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime and pronounce the sentence accordingly."

The record shows that the court followed, without deviation, the provisions of this section.

**Sec. 26 GC** provides:

"Whenever a statute is repealed or amended, such repeal or amendment shall, in no manner, affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The rules of procedure which are applicable to the cause of action here presented, are those that were in effect at the time the defendant was indicted for first degree murder and served with process. **State v. Morrow, 90 Oh St 202.** In

the case of **Palmer v. State, 42 Oh St 596,** in dealing with this question, the court said in the fifth paragraph of the syllabus:

"5. Under Section 79 Rev. Stat. (Now §26 GC) a repeal or amended statute relating to the remedy, is to govern in the trial of a prosecution pending at the time of the repeal or amendment, unless otherwise expressed in the repealing or amending statute." See also **Campbell v. State, 35 Oh St 70. In re Estate of Lamberton, et al v. Murray, Admr., 142 Oh St 417.**

Under the procedure that was used in the trial of this defendant, he was spared the imposition of the extreme penalty as found by the verdict of the jury, and the court extended to him the benefit of mercy. The face of the record does not disclose that the defendant was denied any of his constitutional or statutory rights. He has been afforded full and complete justice under the law in effect at the time this action was commenced against him.

The motion for leave to appeal must, therefore, be denied. Exceptions noted.

HURD, J, THOMPSON, J, concur.